**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Muhammad, | No. CV-11-08006-PCT-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Greyhound Lines, Inc., | |
| Defendant. | |

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 6). Although Plaintiff's response to the motion to dismiss was due February 28, 2011, no response has been filed. Plaintiff's failure to file a response to Defendant's motion to dismiss alone warrants summarily granting Defendant's motion. *See* LRCiv. 7.2(I). Nonetheless, the Court has considered Defendant's motion on its merits and, finding good cause, will grant it.

Plaintiff's Complaint alleges fraud, disparate treatment based on race in a place of public accommodation, and discrimination based on retaliation, racism, religion, and sexism. (Doc. 1.) All of Plaintiff's claims arise out of an October 8, 2004 incident where Plaintiff was denied access to a Greyhound Bus terminal in Flagstaff, Arizona. Plaintiff has previously filed multiple lawsuits stemming from this same incident, asserting these identical claims and others, including defamation, perjury, treason, torture, international terrorism,

1  spying and other purported civil rights violations.  *See Donald Muhammad v. Greyhound*
2  *Lines, Inc.*, CV06-1057-PHX-RCB; *Donald Muhammad v. State of Arizona, Greyhound*
3  *Lines, Inc.*, CV06-1417-PHX-JAT; *Donald Muhammad v. Greyhound Lines, Inc.*, CV06-
4  1893-PHX-ECV; *Donald Muhammad v. Greyhound Lines, Inc.*, CV06-2363-PHX-NVW;
5  *Donald Muhammad v. Greyhound Lines, Inc.*, *et al.*, CV08-0056-PHX-SRB.[1]  All of
6  Plaintiff's prior lawsuits relating to this incident have been dismissed for either insufficient
7  service of process, failure to prosecute, failure to comply with the federal pleading rules, or
8  failure to state a plausible claim for relief.  *Id.*  Plaintiff's Complaint (Doc. 1) will also be
9  dismissed for failure to state a plausible claim for relief because Plaintiff's claims are clearly
10 barred by the doctrine of *res judicata*.

11       *Res judicata* applies to bar litigation where there is "(1) an identity of claims, (2) a
12 final judgment on the merits, and (3) privity between the parties."  *Tahoe-Sierra Pres.*
13 *Council, Inc. V. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).  To
14 decide whether there is an identity of claims, the Court considers the following four criteria:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

18 *Chao v. A-One Med. Servs.*, 346 F.3d 908, 921 (9th Cir. 2003).  Here, Plaintiff's claims
19 clearly arise out of the same transactional nucleus of facts as his earlier lawsuits: all claims
20 stem from the same October 8, 2004 incident at the Greyhound Bus terminal in Flagstaff,
21 Arizona.  Plaintiff has attached the same exhibits and is alleging the violation of the same
22 rights as he did in his earlier lawsuits.  The Court is satisfied that there is an identity of
23 claims for *res judicata* purposes.  The second and third factors are also easily met: the
24 involuntary dismissals of Plaintiff's prior complaints serve as final judgments on the merits,
25 *see In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997) ("An involuntary dismissal generally

---

[1]As matters of public record, the Court may take judicial notice of the pleadings in Plaintiff's prior lawsuits without converting Defendant's motion to dismiss into a motion for summary judgment.  *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

1 acts as a judgment on the merits for purposes of *res judicata*[.]"), and the parties to this
2 action are identical to the parties in the prior actions.  As Plaintiff's claims are barred by *res*
3 *judicata*, Defendant's Motion to Dismiss (Doc. 6) will be granted.

4 Further, because Plaintiff's claims against Defendant arising from the October 8, 2004
5 incident are barred by *res judicata*, any amendment would be futile.  Plaintiff's Complaint
6 (Doc. 1) will therefore be dismissed with prejudice.  *See Saul v. United States*, 928 F.2d 829,
7 843 (9th Cir. 1991) (noting leave to amend need not be given "where the amendment would
8 be futile...or where the amended complaint would be subject to dismissal" (internal citations
9 omitted)).

10 It is apparent that Plaintiff has subjected Defendant to vexatious multiple litigation.
11 Plaintiff will be enjoined from filing any further action against Defendant purportedly arising
12 out of the occurrence that this is subject of this action without first obtaining leave of a judge
13 of the court in which any future action is filed.

14 IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's
15 Complaint (Doc. 6) is granted.

16 IT IS FURTHER ORDERED that the Clerk enter judgment dismissing Plaintiff's
17 Complaint (Doc. 1) with prejudice.  The Clerk shall terminate this case.

18 IT IS FURTHER ORDERED that Plaintiff is enjoined from filing any further action
19 against Defendant purportedly arising out of the occurrence that this is subject of this action
20 without first obtaining leave of a judge of the court in which any future action is filed.

21 DATED this 10th day of March, 2011.

_____
Neil V. Wake
United States District Judge

- 3 -